## Schweers v. Muhlenberg, Appellant.

*Municipalities—Approval by councils of claim against city after disapproval by mayor—Majority of quorum—Viva voce vote—City of Lancaster— Act of April 5, 1867, P. L. 783.*

Under the Act of April-5, 1867, P. L. 783, which is the charter of the city of Lancaster, the councils may by a majority of a quorum approve a claim against the city after such claim has been disapproved by the mayor, and such action may be by a viva voce vote.

Argued Nov. 13, 1901. Appeal, No. 183, Oct. T., 1901, by defendant, from order of C. P. Lancaster Co., Trust Book No. 18, page 225, awarding peremptory mandamus in case of August Schweers v. H. E. Muhlenberg, Mayor of Lancaster City. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for mandamus to compel the mayor to sign a warrant in payment of a claim against the city for paying.

LANDIS, J., filed an opinion which was in part as follows:

It is admitted that in this case proposals were invited and received, and that the contract for the macadamizing of West Walnut street was duly awarded to the plaintiff. It is also admitted in the answer that certain work was performed on said street, a bill was duly presented to the street commissioner which set forth the amount due and the purposes for which the debt was contracted, and, after the same had been duly examined, was marked by him " O. K." It was also examined and found correct by the city clerk, and subsequently was approved by the street committee and the finance committee of councils. With these indorsements it was presented to the mayor. He did not approve it, and so, in accordance with the provisions of the ordinance, he transmitted it, with his observations thereon, to the select and common councils. The ground of his objection was that the plaintiff had not performed his work in accordance with the terms of his contract. The councils ordered the bill to be paid, notwithstanding the disapproval of the mayor. As, however, no moneys can be expended in liquidation of the debts of the city except by warrant drawn by the mayor, his refusal to act has so far prevented a payment of the bill. The ordinance provides for no particular form of certificate, except that it shall specify the amount due and the purposes for which the debt was contracted. After examination we are of opinion that one like that which is here presented contains substantially all these requirements. We must, therefore, hold it to be sufficient for the purposes intended.

The only other points involved are, therefore, whether councils were obliged to pass the bill over the mayor's objections by a two-thirds vote, or at least by a majority of all the members, and whether the viva voce vote of select council concurring in the action of common council was legal.

It is undoubtedly true, as claimed by the defendant, that " every bill for a law or ordinance, which shall have passed both branches of councils, shall be presented to the mayor," and, if not approved by him, shall be returned with his objections to the branch in which it originated, and that two-thirds of each

branch is necessary to pass the same over the veto. But this principle we do not think applies to such measures as the one we are now considering. In Commonwealth v. Diamond National Bank, 9 Pa. Superior Ct. 118, the court held that payment of debts of a borough, lawfully incurred in the daily administration of its affairs, is purely ministerial, and that the power conferred by law on a burgess to sign or veto by-laws, rules, regulations and ordinances refers to measures which are legislative in character, such as a permanent rule of conduct for the government of the citizens, or of the borough in general, or the creation of liability through contract or otherwise, and that acts of councils, temporary and ministerial in character, which relate to the orderly transaction of internal current business, do not, in boroughs, even require executive approval. See also Shaub v. City of Lancaster, 156 Pa. 362.

But, in this case, there is an express rule of conduct laid down for the government of both the mayor and councils. The bill, properly certified, must be presented to the mayor, and we have ascertained that this was done in sufficient form. Upon his disapproval it was remitted to councils for final decision. There is no provision in the ordinance of June 2, 1818, that, like an ordinance or resolution, a two-thirds vote shall be required to make that decision final, and, in the absence of any such requirement, it is but reasonable to suppose that it was intended that the ordinary method of passing upon business of this nature should be adhered to.

Was, however, a majority of the whole councils necessary to give the act validity? By the Act of April 5, 1867, sec. 14, P. L. 788, it is enacted that a majority of each council shall constitute a quorum to do business. This being so, it follows that a majority of the quorum voting in the affirmative is all that is required, in the absence of express statutory regulations to the contrary, to pass any item of business which the council has power to enact. It cannot be claimed that a majority of the whole body is necessary to perform the ordinary business of the body, and, therefore, as this transaction is of no higher class, even giving due weight to all the statements contained in the answer, and without considering the effect of the non-voting members present at the meeting, to think the account was legally approved by common council.

As a last objection it is asserted that the select council concurred by a viva voce vote. We do not consider this as improper. Section 15 of the act of April 5, 1867, declares that "all the voting in said select and common councils, or in any convention of the same, shall be viva voce, and, on the final passage of a bill or resolution, the vote shall be taken by yeas and nays." The word "bill" in this connection means an ordinance, and the claim presented being neither an ordinance nor resolution, the latter part of the above clause calling for a yea or nay vote did not apply. It is evident that the viva voce vote was strictly correct.

As we are of the opinion that the duty of the mayor as to the drawing of the warrant was after the final passage of the account by councils, purely ministerial, it follows that a mandamus should be awarded as prayed for in the petition. The alternative writ of mandamus is, therefore, made peremptory.

Peremptory mandamus awarded.

*Error assigned* was the order of the court.

*W. U. Hensel,* with him *J. W. Brown,* for appellant.—The ordinance of June 2, 1818, section 3, which provides for the conduct of mayor and councils in cases of this kind, is silent on the subject of the vote required to pass a bill or resolution over the mayor's objection; but it is fair to assume that when councils undertake to pass a resolution which binds the city to expend the city's funds that it will take at least a majority of those elected to each body of councils.

The Act of April 5, 1867, P. L. 789, sec. 15, which is the amended charter of the city of Lancaster, provides "on the final passage of a bill, or resolution, the vote shall be taken by yea and nay." The argument advanced by the court that this was simply a temporary or ministerial act, and not such as called for a resolution, it seems to us does not hold, in view of what the court has said in Shaub v. Lancaster, 156 Pa. 362, where they held that the resolution was proper for acts temporary or ministerial only: City of Delphi v. Evans, 36 Ind. 90.

*E. D. Reilly,* for appellee.—The weight of authority is to the effect that a majority vote need not be a majority of all

those present, if it has a majority of those voting and a quorum is, in fact, present: Launtz v. People, 113 Ill. 137 ; First Parish in Sudbury v. Stearns, 21 Pick. 148; Booker v. Young, 12 Gratt. 303 ; Rushville Gas Co. v. Rushville, 6 L. R. A. 315; Oldknow v. Wainwright, 1 Wm. Bl. 229 ; State v. Chapman, 44 Conn. 600 ; Commonwealth v. Read, 2 Ashmead's Reports, 273.

OPINION BY BEAVER, J., February 14, 1902:

This case was heard in the court below upon a petition for a mandamus to the mayor of the city of Lancaster to draw and sign a warrant on the city treasurer for money due the petitioner for work done upon the streets of the city, an answer filed by the mayor and a demurrer to the answer by the plaintiff.

The question arises under sections of the city charter which are set forth in the petition and answer and are referred to at length in the opinion of the judge who heard the case in the court below. The steps required to be taken under these several provisions of the city charter were taken and the only question is as to whether or not the action of the city councils, after the disapproval by the mayor of the bill for work done by the plaintiff was regular and in accordance with the provisions of the charter, the specific questions raised being the right of a majority of a quorum instead of a majority of all the members of council to approve the plaintiff's claim after its disapproval by the mayor and, second, whether the final action of the select council must be by a viva voce vote or by the ayes and nays, as required in the passage of a bill or resolution. These questions are fully discussed by the judge who rendered the opinion in the court below. They are decided in accordance with general principles governing legislative bodies and, in the absence of any specific provisions to the contrary in the city charter, are to govern. We regard his conclusions upon both questions as correct, for the reasons stated. No further discussion would seem to be either necessary or profitable. Under the ordinances, the city councils had the right of final decision which we think was rendered in accordance with the provisions of the city charter. The decree is affirmed and the bill dismissed at the costs of the appellant.